ORDER
. Now before the Court, sitting en banc, is the Motion for Leave to Proceed in the Trial Court with a Petition for Post-Conviction Relief, and a Supplement to the Motion for Leave filed by Jason Lee Keller. The State of Mississippi has filed its Response. Keller has filed his Rebuttal to State’s .Response.
Jason Lee Keller was convicted in October 2009 of the capital murder of Hat Thi Nguyen in Harrison County; Keller’s conviction and death sentence were affirmed by the Court in Keller v. State, 138 So.3d 817 (Miss. 2014), cert. denied, Keller v. Mississippi, — U.S.—, 135 S.Ct. 1397, 191 L.Ed.2d 371 (2015).
Keller now raises the following issues: (I) (A) trial counsel failed to object to the State’s introduction of evidence of prior convictions and other bad acts at the penalty phase; (B) trial counsel unreasonably failed to prevent jurors from considering, as a previous conviction within the meaning of the statutory aggravator, a felony charge which is not a final, valid conviction; (C) trial counsel was ineffective for failing to investigate and discover significant mitigating evidence about Keller; (D) counsél unreasonably failed to object to prosecutorial misconduct in closing argument in the penalty phase; (E) trial counsel failed to rebut or challenge Dr. Paul McGarryis improper expert testimony; (F) trial counsel failed to object when the trial court struck venireman Max Bell for cause; (G) counsel failed to reasonably ensure that jurors gave full effect to mitigating evidence; (H) cumulative prejudice; (II) (A) the State presented false and misleading evidence when telling jurors that Keller was previously convicted of armed robbery; (III) (A) juror misconduct violated Keller’s rights to an impartial jury and *716 to due process; (IV) Keller is entitled to a determination of his eligibility for a death sentence that is consistent with the Sixth Amendment and Ring v. Arizona; (V) in violation of the Eighth Amendment prohibition against cruel'and unusual punishment, Keller’s death sentence is unconstitutional because the riiethod of execution unduly risks substantial harm. After consideration we find that Issue (I)(C) is meritorious, and we limit our discussion to that issue.
Keller argues that his trial attorneys were ineffective for failure to investigate, collect and present mitigation evidence .to the jury. Keller has now presented numerous affidavits from family, friends, acquaintances, former school teachers, former classmates, attorneys, and physicians demonstrating the mitigation evidence that effective trial counsel should have discovered and presented at the sentencing phase of his trial. Keller argues that the failure by trial counsel amounted' to deficient performance and the deficiency prejudiced the defense of his case. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Keller specifically points to the failure of trial counsel to obtain a mitigation expert, even though Dr. Beverly Smallwood, a psychologist, who evaluated Keller for the circuit court before trial, recommended doing so.
After comparing what was presented at trial in support of mitigation-with what has now been presented to the-Court, we find that Keller has made a substantial showing of a denial of his.right to effective assistance of counsel. Miss. Code Ann. § 99-39-27(5) (2015).- We therefore find, that Keller should be granted leave to proceed in the Harrison County Circuit Court, Second Judicial District, on Issue (I)(C). The remainder of the issues raised in, Keller’s Motion for Leave to Proceed in the Trial . Court with a Petition for Post-Conviction Relief are without merit and should be denied.
IT IS THEREFORE ORDERED that the Motion for Leave to Proceed in the Trial Court with a Petition for Post-Conviction Relief filed by Jason Lee Keller is granted, as to Issue (I)(C),.and.is denied as to the remainder of the issues raised.
WALLER, C.J., DICKINSON, P.J., COLEMAN, MAXWELL, BEAM, AND CHAMBERLIN, JJ., WOULD GRANT IN PART AND DENY IN PART. .
KITCHENS, J., OBJECTS TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT JOINED BY KING, J.
RANDOLPH, P.J., WOULD DENY.