COLEMAN, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶227. While I concur with the majority's analysis and conclusions on all other issues, I would grant Ronk's motion to proceed with his petition for post-conviction relief on the sole issue of whether his counsel was ineffective during the sentencing phase of trial. Therefore, I dissent in part.
 

 ¶228. The majority notes that, "Arguably, counsel's mitigation investigation was deficient[,]" but concludes that Ronk in not entitled to relief because he has not made a substantial showing that he was prejudiced by the deficiencies. Maj. Op. ¶¶137, 143. However, the majority downplays the issues with the mitigation investigation and subsequent presentation.
 

 ¶229. According to the majority, Dr. Smallwood's testimony was sufficient as to mitigation because she uncovered "some information ... relevant to mitigation." Maj. Op. ¶ 138. Dr. Smallwood was not asked to conduct a mitigation study, and she testified specifically that she had not done a mitigation study. Dr. Smallwood's own report stated
 

 It must be noted that many variables which may provide mitigation are reportedly found in this man's psychological and medical history. However, I do not have the benefit of those medical records. It is highly recommended that these and other relevant records be secured and that collateral witnesses be interviewed. The present examination is not a mitigation study, which is outside of the scope of my current practice .... However, as noted, a mitigation study is recommended.
 

 The majority also disagrees with Ronk's contention that
 
 no
 
 mitigation investigation occurred-"They did some." Maj. Op. 139. The majority again relies on Dr. Smallwood's
 evaluation as evidence of the mitigation investigation, but as discussed above, Dr. Smallwood did not consider her evaluation of Ronk to be a mitigation study. The majority acknowledges that "Dr. Smallwood's report and the records that were obtained arguably would have led a reasonable attorney to investigate further.
 
 Her report clearly signaled that more was needed
 
 ." Maj. Op. ¶ 141 (emphasis added).
 

 ¶230. However, in spite of Dr. Smallwood's repeated attempts to convey that her evaluation was not a mitigation study and that Ronk's history warranted a mitigation study, Ronk's counsel, and now the majority, consider her testimony and report to be good enough. I am not persuaded by the majority's "good enough" approach. Ronk has submitted affidavits from his adoptive mother, his biological mother, and a member of his trial attorney team, and all the affidavits indicate that Ronk's adoptive parents, friends, teachers, church members, family members, or medical professionals were not interviewed. While the majority would find that the medical evidence Ronk submitted is "mostly cumulative," given the lack of meaningful investigation and the extent of Ronk's mental history that was not explored or presented to the jury, I cannot agree.
 

 ¶231. Mississippi Code Section 99-39-27(5) - (6) (Rev. 2015) provides that the Court is empowered to grant a petitioner leave to proceed on his motion for post-conviction relief in the trial court if there is a "substantial showing of the denial of a state or federal right ...." Recently, in
 
 Keller v. State
 

 229 So.3d 715
 
 (Miss. 2017), the Court granted Jason Lee Keller's motion for leave to proceed with his petition for post-conviction relief. Keller argued that his trial attorneys were ineffective for failing to investigate, collect, and present mitigation evidence. Keller provided affidavits from family, friends, acquaintances, former teachers and classmates, attorneys, and physicians to demonstrate the mitigation evidence that an effective counsel would have discovered and presented during Keller's sentencing. The Court acknowledged that "Keller specifically points to the failure of trial counsel to obtain a mitigation expert, even though Dr. Beverly Smallwood, a psychologist, who evaluated Keller for the circuit court before trial, recommended doing so."
 

 Id.
 

 at 716
 
 .
 

 ¶232. For the above reasons discussed and due to the similarities between the instant case and
 
 Keller
 
 , Ronk has presented a substantial showing that a denial of a state or federal right may have occurred. I would grant his motion for leave to proceed with his petition for postconviction relief in the circuit court on the sole issue of ineffective assistance of counsel during the sentencing phase.
 

 KITCHENS, P.J., AND KING, J., JOIN THIS OPINION.